The opinion of the Court was delivered by
Evans, J.
I suppose there can be no doubt that the public has *450 no right to the soil over which the small creeks and streams flow, and that, whatever may be decided in relation to the large fresh water streams, which by nature are navigable, it is undeniable that Hickson owned the land over which the waters of Shaw’s creek flowed. But Judge Nott has said, I think correctly, that there is nothing in such riparian ownership which prevents the Legislature from declaring it a public highway whenever the obstructions are removed and it becomes fit for use. It was therefore very competent for the Legislature, by the Act of 1825, (6 Stat. 268), to require of all those, who constructed mill dams across any stream used for the purposes of navigation, to make and keep sufficient locks, slopes, or canals, for the use of those Above ; and i can see no reason why the same might not be required, where the stream above has been made navigable after the erection of dams below. It is a police regulation, and, as far as I can see, unobjectionable. It is the taking of private property for public use. In Cates vs. Wadlington, (1 McC. 580,) it is said, the public may use the water for navigation, but this does not prevent the owner of the soil from the use, as far as it is consistent with the public right. But in streams that are merely capable of being made navigable by the expenditure of money or labor, there must be some appropriation by the public before the private right of the owner of thé soil can be interfered with. There are Acts in relation to the navigation of particular streams, but the first, and I believe the only general Act on the subject, is that of 1823, § 21, (6 Stat. 219), which declares it unlawful to erect any dams across any river that the Legislature has ordered to be made navigable, or for the improving of which the Legislature has made any appropriation, so as to obstruct the passage of boats therein. As early as 1777, (7 Stat. 519), and perhaps before, we find legislation as to the navigation of the Edisto and its north and south forks or branches, but there is none in relation to Shaw’s creek, or any of the other tributaries of that stream, nor was any money ever appropriated or used for making any of them navigable. The only law which has any application to them is the Act of 1825. That is in these words, *451 “ No person shall erect any mill dam, or other obstruction, across any stream used for the purposes of navigation by boats, flats or rafts of lumber or timber, without sufficient locks, slopes or canals, to admit the free navigation of such streams,” &c. This Act came under review in the case of the State vs. Cullum, (2 Sp. 581). There, a mill owner above had cleared out McTier’s creek, and used it to carry down his lumber to the river. The defendant built a mill below, and refused to let the mill owner above pass without paying for the privilege. He contended he was not within the Act, because McTier’s creek was not used for navigation at the passage of the Act of 1825. But it was decided the word used had relation to the time of obstruction. The Court say, at the time of the passage of the Act, the Edisto creeks could not be regarded as navigable, and the Act was intended to prevent their obstruction when they became navigable; then they were highways, and the Act prohibited their obstruction except by leaving slopes, &c. I have no doubt this is the correct construction of the Act, and it seems to me it admits of no other. At the time Hickson built his mill, it is very clear that Shaw’s creek was not a stream used for navigation by boats, flats or rafts of lumber or timber. It had never been used and was incapable of use for these purposes. If in 1830, when he erected his mill without slopes, he had been indicted, could he have been convicted ? I presume not, because the stream was not then used for navigation. It has become so since, but that has been done by private enterprise, and neither Hickson or the Legislature have dedicated it to the public use. If he committed no violation of the law when he erected his dam, I do not see how his continuance of it can be unlawful, as the law now stands in relation to the case. It has been argued, that Shaw’s creek must be regarded as a stream used for navigation and within the Act of 1825, because one Gideon Evans had cleared it out near the mottth before Hickson’s mill was erected. This cannot be the fair constiuction of the Act. The requirement of slopes and canals in the dam, shews that the word “ used ” applied to that which was above, and not to what was below, and is equi *452 valent to the expression, used at the time and place of erection. Why require slopes to be furnished for those who were below 1 I think, therefore, in any view of the case which has been presented, the verdict was wrong and should be set aside.
On the 2d ground, it is not intended to express any opinion. Questions of presumption are becoming very common. A great deal has been said and written very loosely on the subject, and so much without due consideration, that we are not prepared at this time to express any decided opinion about it.
The motion for a new trial is granted.
O’Neall, FROst, Withers and Whitktee, JJ. concurred.

Motion granted.